UNITED STATES
DEPARTMENT OF THE INTERIOR
OFFICE OF THE SECRETARY
Washington 25, D. C.

AIR MAIL

Through: Area Director, Aberdeen

July 23, 1956

My dear Mr. Chairman:

    I have your letter of June 22 in which you urge that a date be set for the holding of an election to amend the Fort Berthold Tribal Constitution.

    This Department for some time has been concerned over the difficulty which has been experienced at Fort Berthold in efforts to effect proposed amendments to the Fort Berthold Tribal Constitution and the election of councilmen. These difficulties were due largely to the interpretation which had been placed on Article IV, Section 2 of the Fort Berthold Tribal Constitution to the effect that absentee balloting is not permissible in Secretarial elections called to amend the tribal constitution, and that tribal members to be eligible to vote in such elections must present themselves in person at the polls. Even though an overwhelming majority of those voting were in favor of the constitutional amendments which have been submitted to Secretarial elections, this restriction against absentee balloting in such elections resulted in the amendments failing of adoption because 30 percent of the qualified voters did not participate in the elections as required by the Act of June 15, 1935 (49 Stat. 378).

    On March 19, 1956, the Commissioner of Indian Affairs again asked that the Solicitor re-examine the Fort Berthold Tribal Constitution, the statute under which it was adopted, and the Departmental rules and regulations issued pursuant to the statute with a view to reconsidering the interpretation which had been made with respect to Secretarial elections as opposed to tribal elections.

    I am happy to advise that on June 20, 1956, the Solicitor rendered the enclosed opinion (M-36350) with respect to the holding of Secretarial elections for the adoption of proposed amendments to the Fort Berthold Tribal Constitution. The Solicitor held that the Departmental rules under which the constitution and bylaws of the Three Affiliated Tribes was adopted permitted the use of absentee ballots for nonresident voters and that the same practice should be recognized in connection with elections to pass upon amendments to the tribal constitution. Consequently, I have today approved an election order submitting to a vote of the tribal membership the enclosed proposed amendment to the Fort Berthold Tribal Council, which if adopted, will redefine the communities within the present reservation boundaries and which will provide for absentee balloting not only in Secretarial elections but in all tribal elections.

EXHIBIT D

The election order directs the Superintendent of the Fort Berthold Agency to hold the election in accordance with the rules and regulations for holding elections under the Indian Reorganization Act. Part 9 of those regulations has been modified to permit the Superintendent to hold the election over a two day period should he deem it necessary, the first day of the election to be not less than 30 days nor more than 60 days from the date of the election order.

I am hopeful that the proposed amendment will be adopted in the election and that the tribal election for councilmen which is to be held subsequent to the approval of the amendment by this Department will resolve the tribal election problems now at Fort Berthold

Sincerely yours,

(Sgd) Wesley A. D'Ewart

(Assistant) Secretary of the Interior

Chairman

Fort Berthold Tribal Business Council

Enclosure

Transmitted 7-27-56

(Sgd) Leslie Keller
Assistant Area Director

cc: Superintendent, Fort Berthold Agency

UNITED STATES
DEPARTMENT OF THE INTERIOR
OFFICE OF THE SECRETARY
Washington 25, D. C.

INDIAN

Through: Area Director, Aberdeen

July 23, 1956

Dear Mr. McKee:

An election is hereby called to permit the qualified voters of the Three Affiliated Tribes of the Fort Berthold Reservation to vote again on the adoption or rejection of proposed Amendment I to the Constitution and Bylaws of the Tribes. A copy of proposed Amendment I is enclosed.

The election shall be held in accordance with the attached rules and regulations for the holding of elections under the Indian Reorganization Act of June 18, 1934 (48 Stat. 984), except as modified herein. Part 3 (e) of the rules and regulations which requires that absentee ballots be sworn to before a notary public or other official authorized to administer oaths is hereby waived. Part 9 of these regulations is also waived to permit you to hold the election over a two-day period if you deem it necessary. The first day of the election should be not less than 30 days nor more than 60 days from the date of this order.

As you know, the Solicitor for this Department has previously interpreted Article IV, Section 2 of the Fort Berthold Tribal Constitution to mean that absentee balloting is not permissible in Secretarial elections for the adoption or rejection of proposed amendments to the tribal constitution and that tribal members to be eligible to vote in such elections must present themselves in person at the polls. On June 20, 1956, the Solicitor modified this opinion stating, among other things, that the Departmental rules, under which the Constitution and bylaws of the Three Affiliated Tribes was adopted, permitted the use of absentee ballots for nonresident voters and that in future elections for the adoption of amendments to the constitution and bylaws the same practice should be recognized. Therefore, in this election, any member of the Three Affiliated Tribes of the Fort Berthold Reservation, who is 21 years of age and over, shall be entitled to vote regardless of whether or not he is a resident of the reservation at the time the election is held. Nonresident members who are unable to appear at the polls on election day may vote by absentee ballot in accordance with Part 3 of the rules and regulations of holding elections under the Indian Reorganization Act.

C
O
P
Y

I am enclosing a copy of the Solicitor's Opinion of June 20, 1956 (M-36350), and request that it be widely publicized and carefully explained to the tribal membership, perhaps through the medium of the Fort Berthold News Bulletin. A clear statement should be made to the tribal membership that nonresident members are now eligible to participate in Secretarial elections to amend the tribal constitution and bylaws.

You will note that I am offering an appropriate amendment to Article IV, Nominations and Elections, of the Fort Berthold Tribal Constitution to provide for absentee balloting in any election and to permit the Secretary of the Interior to call an election for councilmen in the event the Secretary of the Tribal Business Council fails to give the appropriate notice, or in the event the regular election has not been held.

Your attention is called to Section 10 of the rules and regulations referred to above which states that official ballots will be furnished by the Commissioner of Indian Affairs. This practice has been discontinued. The field units prepare and mimeograph the ballots locally. A suitable ballot form should, therefore, be devised to fit the needs of the tribe.

As soon as the election has been held and the results ascertained, the original of Amendment I should be returned to the Bureau of Indian Affairs for presentation to this Department. The certification form attached to the amendment should be executed by the proper tribal and agency officials, certifying as to the results of the election, and should be returned with the amendment. The amendment, if adopted, will not be in effect until it has been approved by this Department.

Sincerely yours,

(Sgd) Wesley A. D'Ewart

Asst. Secretary of the Interior

Mr. Robert Bruce McKee

Superintendent, Fort Berthold Agency

Enclosure

Copy to:  Area Director, Aberdeen
Chairman, Fort Berthold Business Council (transmitted 7/27/56)
(Sgd) Leslie Keller
Asst Area Director

C
O
P
Y

M-36350

100505

June 20, 1956

## FORT BERTHOLD TRIBAL AFFAIRS

Indian Tribes: Constitutions--Indian Reorganization Act

The Secretary of the Interior has authority, under the Indian Reorganization Act (25 U.S.C.A. sec. 476, 477; 48 Stat. 987) to call special elections to (a) determine whether a majority of the adult Indians desire to vote against the application of the act itself to the reservation with which they are connected; (b) to determine whether a proposed constitution and bylaws shall be ratified; (c) to ascertain whether such constitution and bylaws shall be amended; and (d) to determine whether such constitution and bylaws shall be revoked. Otherwise in the case of Tribal Governments incorporated under Section 16 of the Indian Reorganization Act, supra, the Secretary, unless granted authority by the tribal constitution or Act of Congress, may not call tribal elections to elect councilmen.

UNITED STATES
DEPARTMENT OF THE INTERIOR
Office of the Solicitor
Washington 25, D.C.

M-36350

June 20, 1956

Memorandum

To: Commissioner of Indian Affairs

From: The Solicitor

Subject: Fort Berthold--Proposed election order to submit proposed Amendment 1 to Constitution and Bylaws to a vote

Your memorandum of March 19, 1956 raises two questions (1) whether absentee balloting may be permitted in an election for the amendment of the Constitution and Bylaws of the Three Affiliated Tribes of the Fort Berthold Reservation and (2) whether the Secretary of the Interior has the authority to call an election for the purpose of permitting the tribal members to vote on the election of councilmen on the basis of the community boundaries as now defined in Article III of the Fort Berthold constitution.

The question of absentee balloting was discussed and disposed of in our memorandum opinion (M-36346) dated June 8, 1956.