# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3424
_____

Raymond Cross; Marilyn Hudson

*Plaintiffs - Appellants*

v.

Mark Fox; Randy Phelan; Fred Fox; Mervin Packineau; Judy Brugh; Cory Spotted Bear; Monica Mayer, individually and as members of the Three Affiliated Tribes Tribal Business Council

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: October 18, 2021
Filed: January 14, 2022

_____

Before GRUENDER, BENTON, and GRASZ, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Members of an Indian tribe challenged provisions in the tribal constitution requiring nonresidents to return to the reservation to vote in tribal elections and

prohibiting nonresidents from holding tribal office. The district court[1] dismissed for lack of subject-matter jurisdiction. We affirm.

## I.

Raymond Cross is a member of the Three Affiliated Tribes ("TAT") of the Fort Berthold Indian Reservation, which are governed by the Tribal Business Council ("the Tribe"). Cross resides off the reservation and alleges medical conditions making it difficult for him to return. Cross requested an absentee ballot to vote in a 2018 tribal election but was denied it pursuant to a provision in the tribal constitution and implementing legislation requiring that nonresident tribe members return to the reservation to vote in tribal elections. *See* TAT Const. art. IV, § 2(b).

Cross and co-plaintiff Marilyn Hudson[2] initially sued Tribe officials in tribal court in 2018. They challenged the return-to-the-reservation requirement as well as a provision in the tribal constitution barring nonresidents from holding public office, *see* TAT Const. art. IV, § 6. The tribal court granted summary judgment against the plaintiffs. The tribal supreme court affirmed the dismissal on the merits except for an equal-protection issue, which it remanded to the tribal court.

While the remanded case was pending in tribal court, the plaintiffs filed a lawsuit in federal court against the Tribe. The plaintiffs sought declaratory and injunctive relief, alleging that the return-to-the-reservation requirement and the eligibility requirement for holding public office violated the Voting Rights Act ("VRA"), 52 U.S.C. § 10301, and the Indian Civil Rights Act ("ICRA"), 25 U.S.C. § 1302(a)(8). The Tribe moved to dismiss the case for lack of subject-matter jurisdiction. The district court granted the motion, holding that the plaintiffs

---

[1]The Honorable Daniel M. Traynor, United States District Judge for the District of North Dakota.

[2]Hudson has since passed away.

-2-

inexcusably failed to exhaust tribal remedies for their ICRA claims and that the court lacked federal-question jurisdiction over the VRA claims. The plaintiffs appeal.

## II.

We first address whether Cross had standing to challenge the Tribe's eligibility requirement for holding public office. We have an independent obligation to examine standing even if it was not discussed by the district court. *United States v. Hays*, 515 U.S. 737, 742 (1995). "To establish Article III standing, a plaintiff must have suffered an injury in fact that is fairly traceable to the defendant's challenged action, and it must be likely that the injury will be redressed by a favorable judicial decision." *Hawse v. Page*, 7 F.4th 685, 688 (8th Cir. 2021). A "generalized grievance" does not count as an Article III injury. *See Carney v. Adams*, 592 U.S. ---, 141 S. Ct. 493, 499 (2020). Rather, Cross "must at least show that he is likely to" run for office "in the reasonably foreseeable future if" the Tribe "did not bar him because of" his nonresident status. *See id.* at 500 (holding that a plaintiff lacked standing to challenge a status-based eligibility requirement for state judgeships where the plaintiff had not shown he was "able and ready" to apply).

As Cross did not allege that he intended to run for public office, his challenges to the eligibility requirement lack standing. We next address his challenges to the requirement that nonresidents return to the reservation to vote.

## III.

"We review questions of subject-matter jurisdiction *de novo*." *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 835 (8th Cir. 2006).

Cross invokes jurisdiction under 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under federal law. A claim arises under federal law "when federal law creates a private right of action and furnishes the

-3-

substantive rules of decision." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378 (2012). If the plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331. *See Anthony v. Cattle Nat'l Bank & Tr. Co.*, 684 F.3d 738, 739 (8th Cir. 2012) (affirming a ruling that "federal-question jurisdiction did not exist" because 12 U.S.C. § 1831n "does not create a private right of action"); *Lakes & Parks All. of Minneapolis v. Fed. Transit Admin.*, 928 F.3d 759, 761-63 (8th Cir. 2019) (treating absence of a private right of action as fatal to jurisdiction); *Dillon v. Combs*, 895 F.2d 1175, 1177 (7th Cir. 1990) ("A federal rule of decision is necessary but not sufficient for federal jurisdiction. There must also be a right of action to enforce that rule."). Further, "[a] court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint. If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

A.

Cross primarily alleges violations of § 2 of the VRA, 52 U.S.C. § 10301, which provides, in relevant part:

> (a) No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in section 10303(f)(2) of this title, as provided in subsection (b).

The district court held that Indian tribes are neither "State[s]" nor "political subdivision[s]," *see id.*, and concluded that it lacked subject-matter jurisdiction.

Although we agree that the VRA does not regulate Indian tribes, the parties improperly treated this provision as jurisdictional. "Subject matter jurisdiction in federal-question cases is sometimes erroneously conflated with a plaintiff's need and

-4-

ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (holding that the question of whether defendant was an "employer" as defined in Title VII was not jurisdictional). The proper course is to determine whether the VRA's limitation on coverage to states and political subdivisions "is jurisdictional or simply an element of a plaintiff's claim for relief." *See id.* at 509.

The VRA's language covering "States and political subdivisions" does not, by itself, divest this court of jurisdiction. Nothing in the section "clearly states" that the provision is jurisdictional, *see id.* at 515, and the provision is "separate from" and unreferenced by the jurisdictional section of the statute, 52 U.S.C. § 10101(d), *see Sanzone v. Mercy Health*, 954 F.3d 1031, 1038 (8th Cir. 2020). Therefore, it is a nonjurisdictional provision that could support federal-question jurisdiction in meritorious cases. *See Arbaugh*, 546 U.S. at 516.

However, even if the invoked provision is not jurisdictional but rather contains "an element of a plaintiff's claim for relief," *id.*, we may nevertheless dismiss for lack of subject-matter jurisdiction if the claim does not present a "substantial question of federal law." *Biscanin*, 407 F.3d at 906. A claim is not substantial if, "looking to the face of the complaint," the asserted basis for jurisdiction is "patently meritless." *Id.* at 907. This standard includes some cases that are "foreclosed by circuit precedent," *id.* at 908; however, "previous decisions that merely render claims of doubtful or questionable merit do not render them insubstantial," *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (quoting *Goosby v. Osser*, 409 U.S. 512, 518 (1973)). Rather, "the prior decisions [must] inescapably render the claims frivolous," leaving "no room for the inference that the questions sought to be raised can be the subject of controversy." *Id.* Such claims are "obviously doomed to fail." *Biscanin*, 407 F.3d at 907-08 (holding that a claim "that the size of the [arbitration] award proves that the arbitrators manifestly disregarded the law" was patently meritless because "circuit precedent foreclose[d] [the] argument that the result obtained provides the necessary proof that the arbitrators disregarded the law").

-5-

In *Biscanin*, 407 F.3d at 908, we cited favorably to *Perpetual Securities, Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002), which involved a claim that the compulsory-arbitration requirement of the National Association of Securities Dealers (NASD) violated the Due Process Clauses of the Fifth and Fourteenth Amendments. Those clauses regulate only state actors and private actors whose behavior "may be fairly treated as that of the State itself." *See* 290 F.3d at 137. Yet a prior Second Circuit case had held that "the NASD is a private actor, not a state actor," and that a compulsory arbitration clause did not constitute state action. *Id.* at 137-38 (quoting *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 206 (2d Cir. 1999)). Despite differences between the two cases in "the context of the arbitration clause at issue," the court held that "clear and unambiguous precedent" rendered the claim "patently without merit," justifying a dismissal for lack of subject-matter jurisdiction. *Id.* at 138-39.

Dismissal of Cross's VRA claims on jurisdictional grounds was appropriate because they are firmly "foreclosed by circuit precedent," making them "obviously doomed to fail," *see Biscanin*, 407 F.3d at 908, and leaving "no room for the inference that the questions sought to be raised can be the subject of controversy," *see Hagans*, 415 U.S. at 538. We have previously held that a provision of the VRA that "applies by its terms to states and political subdivisions" did not apply to Indian tribes because "Indian tribes are not states or political subdivisions." *Wounded Head v. Tribal Council of Oglala Sioux Tribe of Pine Ridge Rsrv.*, 507 F.2d 1079, 1084 (8th Cir. 1975). We thus rejected the "argument that Indians are included in the statute." *See id.* The exact same language at issue—"State or political subdivision"—appears in § 2 and dictates the same conclusion here. *Compare* 42 U.S.C. § 1973bb-2 (repealed 1975), *with* 52 U.S.C. § 10301. As in *Perpetual Securities*, Cross seeks to enforce federal law against defendants that, as prior precedent makes clear, are not regulated by that law. Cross does not "try to distinguish his case" from *Wounded Head*, "nor does he argue that [it is] wrong," despite "ha[ving] the opportunity to do [so] . . . because [the Tribe] argued in its brief" that *Wounded Head* forecloses the claim. *See Biscanin*, 407 F.3d at 908. Prior precedent renders Cross's claims patently meritless, meeting the strict standard

-6-

of constitutional insubstantiality. As such, those claims cannot support subject-matter jurisdiction under 28 U.S.C. § 1331. The district court did not err in dismissing the VRA claims.

B.

Next, Cross challenges the return-to-the-reservation requirement as violating the due process and equal protection clauses of the ICRA, which provide that "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law." 25 U.S.C. § 1302(a)(8). By enacting the ICRA, Congress "impos[ed] certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and the Fourteenth Amendment." *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 57 (1978).

The district court dismissed the ICRA claims because of the plaintiffs' failure to exhaust tribal remedies. However, "[w]e may affirm on any ground supported by the record." *Duffner v. City of St. Peters*, 930 F.3d 973, 976 (8th Cir. 2019). Here, we affirm the dismissal on the separate ground that the ICRA does not contain a private right of action to seek injunctive or declaratory relief in federal court, and therefore, the district court lacked subject-matter jurisdiction under 28 U.S.C. § 1331.

In *Santa Clara Pueblo*, the Supreme Court held that the ICRA does not "authorize the bringing of civil actions for declaratory or injunctive relief to enforce its substantive provisions." 436 U.S. at 51-52. The only federal remedy for ICRA violations authorized by Congress is a writ of habeas corpus, which is not sought here. *See id.* at 61. "Congress' failure to provide remedies other than habeas corpus was a deliberate one." *Id.* Accordingly, "actions seeking other sorts of relief for tribal deprivations of rights must be resolved through tribal forums." *Goodface v. Grassrope*, 708 F.2d 335, 338 n.4 (8th Cir. 1983).

-8-

Absent a private right of action to enforce the ICRA in federal court for the relief sought, there can be no jurisdiction under 28 U.S.C. § 1331.  *See Anthony*, 684 F.3d at 739; *Lakes & Parks*, 928 F.3d at 762.  Therefore, the district court did not err in dismissing the ICRA claims. [3]

## IV.

For the foregoing reasons, we affirm the dismissal of Cross's claims.

_____

---

[3] On appeal, Cross has not argued that his claims arise under the Indian Reorganization Act, the Fort Berthold Allotment Agreement of 1886, the 1937 Corporate Charter of the Tribe, the Declaratory Judgment Act, or Federal Rule of Civil Procedure 65, as his complaint originally asserted.  We deem these arguments waived.  *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011).

-8-